# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
## COURT FILE NO.:_____

| | |
|---|---|
| Timothy Braun,<br><br>      Plaintiff,<br><br>vs.<br><br>Valentine & Kebartas, Inc., LVNV Funding, LLC, and Resurgent Capital Services, L.P.,<br><br>      Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

4. Plaintiff Timothy Braun (hereinafter "Braun" or "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Valentine & Kebartas, Inc. (hereafter "Valentine" or "Defendant"), upon information and belief, is a foreign corporation that operates as a debt collection agency from an address of 15 Union Street, Lawrence, Massachusetts

01840. Valentine is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. LVNV Funding, LLC (hereinafter "LVNV" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a debt collection agency from an address of 75 Beattie Place, Greenville, South Carolina 29601.

7. Resurgent Capital Services, L.P. (hereinafter "Resurgent" or "Defendant"), upon information and belief, is a limited partnership that operates as a debt collection agency from an address of 15 South Main Street, Suite 600, Greenville, South Carolina 29601.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation with an GE Money/Pay Pal, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Sometime on or before December 9, 2008, the alleged debt was consigned, placed or otherwise transferred to Defendants for the purpose of collecting the debt from Plaintiff.

9. Sometime on or about December 9, 2008, Valentine communicated with Plaintiff directly by U.S. mail in an attempt to collect this debt. *See* Exhibit 1.

10. That letter, dated December 9, 2008, was the first written notice that Plaintiff received from Valentine in connection with this debt.

11. On or about December 17, 2008, Plaintiff's attorney wrote directly to Valentine to dispute this debt and request verification thereof. *See* Exhibit 2.

12. That letter, dated December 17, 2008, was received by Valentine on December 22, 2008. *See* Exhibit 3.

13. On or about January 23, 2009, "Lisa Foley," who was employed at all times relevant herein, contacted Plaintiff's attorney by telephone in an attempt to collect this debt. *See* Exhibit 4.

14. On or about January 29, 2009, Valentine, without first verifying this debt, contacted Plaintiff directly by U.S. mail in an attempt to collect this debt. *See* Exhibit 5.

15. Valentine violated 15 U.S.C. § 1692c(a)(2) because Valentine contacted Plaintiff directly when it had actual knowledge that Plaintiff was represented by an attorney.

16. Valentine violated 15 U.S.C. § 1692g(b) because Valentine did not verify this debt or cease collection efforts after it received a dispute letter from Plaintiff's attorney.

17. On or about September 10, 2009, Allied Interstate contacted Plaintiff directly by U.S. mail in an attempt to collect this debt from Plaintiff. *See* Exhibit 6.

18. On or about September 18, 2009, Plaintiff's attorney wrote to Allied Interstate and Defendant LVNV to dispute this debt and request verification thereof. *See* Exhibit 7.

19. Based upon information and belief, Defendants LVNV and Resurgent are related companies and these Defendants share information that is received from

communications with Plaintiff's attorney. Therefore, Resurgent had actual knowledge that Plaintiff was represented by an attorney because Plaintiff's attorney wrote directly to LVNV. *See* Exhibit 8.

20. On or about October 2, 2009, Defendants LVNV and Resurgent contacted Plaintiff directly by U.S. mail in response to the dispute letter dated September 18, 2009 that was sent by Plaintiff's attorney. *See* Exhibit 9, *See also* ¶ 18 and Exhibit 7.

21. Defendants LVNV and Resurgent violated the 15 U.S.C. § 1692c(a)(2) because these Defendants had actual knowledge that Defendant was represented by an attorney.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

23. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

24. The foregoing acts of the Defendants constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

25. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

26. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

27. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from each Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants, for Plaintiff herein;

- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendants herein in an amount to be determined at trial; and

## SUCH OTHER RELIEF

- For such other and further relief as may be just and proper.

Dated:  January 22, 2010.        **MARSO AND MICHELSON, P.A.**

                          By:   s/Patrick L. Hayes
                               Patrick L. Hayes
                               Attorneys for Plaintiff
                               Attorney I.D. No.:0389869
                               3101 Irving Avenue South
                               Minneapolis, Minnesota 55408
                               Telephone: 612-821-4817

Dated:  January 22, 2010.        **MARSO AND MICHELSON, P.A.**

                          By:   s/William C. Michelson
                               William C. Michelson
                               Attorneys for Plaintiff
                               Attorney I.D. No.: 129823
                               3101 Irving Avenue South
                               Minneapolis, Minnesota 55408
                               Telephone: 612-821-4817